UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-12425-BFM **Date:** November 2, 2026

**Title:** *Juvencio Jose Perez v. Todd Blanche, et al.*

==========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner | Attorneys Present for Respondents |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Juvencio Jose Perez filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 23, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained in the Adelanto ICE Processing Center, within the Central District of California. (ECF 1 ("Pet.") ¶ 1.) Petitioner entered the United States in March 2002 without inspection and has lived here continuously since. (Pet. ¶ 18.) Petitioner has been married to his U.S. citizen wife since 2016, and they have five U.S. citizen children together. (Pet. ¶ 18.) He has maintained employment throughout his time in the United States. (Pet. ¶ 18.) Petitioner's wife filed an I-130 petition on Petitioner's behalf; that petition is currently pending. (Pet. ¶ 25.)

On August 13, 2026, Petitioner was arrested for driving under the influence and without a license; he was held overnight and released the following morning without any summons or reason to think he had been charged with a crime. (Pet. ¶ 19.) This arrest was the first and only time Petitioner has been arrested. (Pet. ¶ 20.) ICE detained him as he left the

sheriff's station. (Pet. ¶ 20.) He has been in ICE custody since August 14, 2026. (Pet. ¶ 12.)

While detained in Adelanto, Petitioner was served with a Notice to Appear. (Pet. ¶ 21.) Removal proceedings are ongoing.

On October 7, 2026, an IJ held a bond hearing and denied Petitioner's request for release. The IJ's decision rested solely on a finding of danger to the community, and the finding of danger rested solely on the DUI arrest. According to Petitioner, while the IJ acknowledged that he had not been charged, the IJ noted that the statute of limitations allowed for the possibility of a charge against him in the future. (Pet. ¶ 39.)

Petitioner filed this petition on October 23, 2026, arguing that the IJ abused his discretion in finding Petitioner to be a danger to the community under these circumstances. (Pet. at 8-11.) Respondents filed an answer on October 30, 2026, arguing that Petitioner failed to exhaust his administrative remedies and that his due process claim fails because he received a bond hearing. (Answer at 3-7.) Based on a review of the Petition and Answer, the Court concludes it does not need to wait for Petitioner to reply; it will treat the petition fully briefed and ready for decision.

## II. Analysis

Petitioner argues that the IJ abused his discretion and made legal errors in considering his suitability for bond. Respondents make two arguments responsive to that claim: one, that Petitioner failed to exhaust all available remedies and, two, that Petitioner's due process claim fails. (Answer at 3-7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-12425-BFM **Date:** November 2, 2026

**Title:** *Juvencio Jose Perez v. Todd Blanche, et al.*

==============================================================

### A. Exhaustion

Respondents primarily contested the Petition based upon Petitioner's failure to exhaust his administrative remedies. (Answer at 3-5.)

Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241. As a prudential matter, however, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Prudential exhaustion should be required where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

On the other hand, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045.

Here, the Court finds that the circumstances counsel in favor of waiving exhaustion. The available avenue for exhaustion would be an appeal of the IJ's bond decision to the BIA—an avenue Petitioner has pursued but not yet completed. (Pet. ¶ 27.) Forcing Petitioner to wait until the BIA decides his appeal would cause irreparable injury: According to data released by the Executive Office for Immigration Review, the average processing time for bond appeals in 2024 exceeded 200 days. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239,

1253 (W.D. Wash. 2025). As of the end of fiscal year 2025, the BIA had 202,946 total pending appeals—a number that was a significant increase over its backlog at the end of 2024. At the end of the third quarter of 2026, the number of pending appeals was 282,434. *See* EOIR Adjudication Statistics, All Appeals Filed, Completed and Pending, https://www.justice.gov/eoir/media/1344986/dl?inline (last visited October 6, 2026). In other words, requiring Petitioner to exhaust his BIA appeal will result in a significant period of delay, and hardship to himself and to his family—in particular, a 12-year-old daughter who suffers from microcephaly.

There may be good reason to require that a noncitizen to permit that process to play out in the mine run case, but here, Respondents offer no defense of the IJ's substantive decision. Where Respondents do not substantively defend the IJ's decision, waiver of the exhaustion requirement is appropriate. *Villa v. Mullin*, 834 F. Supp. 3d 957, 963 (C.D. Cal. 2026) (granting motion to reconsider and finding waiver of exhaustion appropriate where "Respondents have never defended the IJ's [bond] decision on the merits").

**B. Merits**

On the merits of the case, Respondents argue that Petitioner received a substantive bond hearing, which satisfies due process. (Answer at 5-6.) Petitioner's claim is premised on errors committed by the IJ during the bond hearing; naturally, then, his claims do not fail simply because he received a bond hearing.

Respondents do not address the Petition's argument concerning defects in the bond hearing. As Respondents make no other responsive argument in support of the bond decision, the Court declines to go much further. Federal courts must decide cases based on the arguments the parties present. *See*

*United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

The bond-hearing claim Petitioner raised is one that is cognizable and of a kind granted by federal courts. *See, e.g., Medina Romero v. Hernandez*, No. 2:26-CV-02747-JNW, 2026 WL 2568562, at *4 (W.D. Wash. Aug. 31, 2026) (finding IJ abused his discretion when finding petitioner a flight risk where mitigating facts overwhelmed aggravated ones and where IJ did not articulate the basis for his decision); *Lu v. Los Angeles Field Dir.*, No. 5:26-CV-00575-JAK (SPx), 2026 WL 1455320, at *12 (C.D. Cal. Apr. 15, 2026) (finding likelihood of success on claim that IJ abused his discretion in finding petitioner a flight risk).

Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention. Even so, they offered no coherent argument that would provide a basis to reject his claim on the merits. Their failure to do so constitutes forfeiture of the arguments they could have made. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition;

therefore, it has waived any challenge to the arguments [the opposing party] raised."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his bond hearing was improper is legally cognizable and factually unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the merits of Petitioner's claim. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-CV-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where, like here, the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and

conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court concludes that Claim One in the Petition be granted.

**D. Relief**

A further question is what relief should be ordered. Petitioner asks for outright release. (Pet. at 12.) Respondents did not address the question of remedy at all.

District courts are to dispose of habeas petitions "as law and justice require." 28 U.S.C. § 2243. This provision grants federal courts "broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). When finding that an IJ provided a petitioner with a legally inadequate bond hearing, "district courts have either ordered petitioner's immediate release [ ] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases). That is, either remedy is within the realm of discretion for the bond-hearing claim presented here.

In this case, the Court believes it would be appropriate to order Petitioner's release. Respondents did not substantively contest Petitioner's contention that the IJ erred in finding Petitioner a flight risk, presenting only jurisdictional and exhaustion arguments that are contradicted by governing law. Under these circumstances, there is "no basis" in the record "for Petitioner's continued detention," such that "immediate release with reasonable conditions of supervision is the appropriate remedy." *Soriano v.*

*Hernandez*, 830 F. Supp. 3d 1071, 1081 (W.D. Wash. 2026).

Release in these circumstances is consistent with the practice of courts in this District. *See Salazar Sorto v. Mullin*, No. 5:26-cv-04690-KES, 2026 WL 2621203, at *6 (C.D. Cal. Sept. 4, 2026) (ordering immediate release for a bond hearing claim where Respondents limited argument to unavailing exhaustion argument; "As noted above, Respondents' Answer fails to present any argument on the merits of Petitioner's claims . . . . Accordingly, based on this lack of opposition and the legal authorities cited in the Petition, the Petition is granted."); *Catalan Ramirez v. Warden*, No. 5:26-CV-03430-FWS-DFM, 2026 WL 2432625, at *4 (C.D. Cal. Aug. 19, 2026) ("Petitioner argues that ordering a new bond hearing would be meaningless, and the only appropriate remedy is immediate release. . . Respondents did not contest this argument. Under these circumstances, the Court will recommend the District Judge order Petitioner's immediate release on appropriate conditions of supervision."), report and recommendation adopted, 2026 WL 2452151 (C.D. Cal. Aug. 20, 2026) (accepting the report and recommendation based on the unique circumstances of the case, including "the lack of any persuasive opposition to Petitioner's arguments"). The Court concurs in these decisions and recommends release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-12425-BFM **Date:** November 2, 2026

**Title:** *Juvencio Jose Perez v. Todd Blanche, et al.*

==============================================================

## III. Conclusion

For these reasons, the Court hereby grants the Petition and orders Petitioner Juvencio Jose Perez (A# 246-061-324) immediately released on reasonable conditions. Petitioner's counsel must provide confirmation of release within three days of this Order. Upon confirmation that Petitioner has been released, judgment shall be entered accordingly.

Initials of Preparer: ch